FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 JUL -6 PM 4: 26

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHIRLEY KEMP, et al. | * | CIVIL ACTION |
| versus | * | NUMBER: 00-3513 |
| METABOLIFE INTERNATIONAL, INC., et al. | * | c/w NUMBER: 00-3753 |
| * * * * * * * * | * | JUDGE HELEN BERRIGAN |
| | | MAG. JUDGE CHASEZ |

## METABOLIFE'S MOTION FOR SUMMARY JUDGMENT REGARDING CARLY A. CINQUEMANO

NOW INTO COURT, through undersigned counsel, come Defendants, Metabolife International, Inc. and Mike Ellis, who respectfully move for summary judgment in their favor, dismissing all claims of Plaintiff, Carly A. Cinquemano, on the basis that Plaintiff cannot establish that Metabolife 356® was the specific cause of the adverse effects she allegedly suffered.

For these reasons, and for the reasons more fully set forth in the Memorandum in Support of this Motion, a copy of which is attached hereto and incorporated herein for all purposes, Defendants, Metabolife International, Inc. and Mike Ellis, are entitled to the entry of summary judgment in their favor and against Plaintiff, Carly A. Cinquemano, dismissing her claims, with prejudice.

____ Fee____
____ Process____
_X_ Dktd____
_✓_ CtRmDep____
____ Doc. No.____

Respectfully submitted:

_____

ERNEST P. GIEGER, JR. (6154), T.A.
ANDREW A. BRAUN (3415)
JOHN E.W. BAAY II (22928)
JOSEPH E. LEE III (26968)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011

ATTORNEYS FOR METABOLIFE
  INTERNATIONAL, INC. and MIKE ELLIS

-2-

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHIRLEY KEMP, et al. | * | CIVIL ACTION |
| versus | * | NUMBER: 00-3513 |
| | | c/w NUMBER: 00-3753 |
| METABOLIFE INTERNATIONAL, INC., et al. | * | |
| | | JUDGE HELEN BERRIGAN |
| *    *    *    *    *    *    *    * | * | MAG. JUDGE CHASEZ |

## MEMORANDUM IN SUPPORT OF METABOLIFE'S MOTION FOR SUMMARY JUDGMENT REGARDING CARLY A. CINQUEMANO

MAY IT PLEASE THE COURT:

### I.    INTRODUCTION

On October 7, 2003, this Court granted summary judgment dismissing the claims of Plaintiffs Vera Brooks, Alicia Lucas Price and David Brewer for failing to present medical testimony necessary to establish specific causation. (Rec. Doc. 393) Plaintiff, Carly A. Cinquemano, also sued Defendants, Metabolife International, Inc. and Mike Ellis ("Metabolife"), claiming that she suffered adverse events, including heart damage, as a result of taking the dietary supplement Metabolife 356®. However, as was the case with Brooks, Price and Brewer, summary judgment is again appropriate because, simply, Plaintiff cannot establish that Metabolife 356 was the specific cause of the alleged adverse events.

### II.    BRIEF STATEMENT OF PERTINENT FACTS

#### A.    BACKGROUND CONCERNING METABOLIFE AND METABOLIFE 356

Metabolife is a San Diego-based company that manufactures and markets nutritional herbal and dietary supplements, primarily for weight management.

Metabolife 356 is a combination of the herb *ma huang*, caffeine and small amounts of other herbs, vitamins and minerals. Ephedra alkaloids are the active constituents of *ma huang*. The primary ephedra alkaloid in *ma huang* is Ephedrine. Each caplet of Metabolife 356 contains 12 milligrams of ephedrine alkaloids and 40 milligrams of caffeine, compared to about 100 milligrams of caffeine in a cup of coffee. The maximum daily serving of Metabolife 356 is 8 caplets, which contain 96 milligrams of ephedrine group alkaloids. *See* Statement of Uncontested Material Facts (SUF) 3-6.

Although naturally occurring in *ma huang*, Ephedrine can also be made synthetically. Synthetic ephedrine is sold as an over-the-counter pharmaceutical product and has been used for several decades to treat bronchitis and asthma. (Primatine Mist®). A lesser constituent of *ma huang* is Pseudoephedrine. When made synthetically, Pseudoephedrine also is an over-the-counter pharmaceutical used as a nasal decongestant (Sudafed®). SUF 7-8.

Metabolife 356 contains less caffeine and ephedrine than a half-cup of freshly brewed coffee and a dose of Primatine Mist®. Since 1996, literally millions of consumers have purchased over 5,000,000,000 tablets of Metabolife 356. SUF 9.

**B.**   **BACKGROUND CONCERNING PLAINTIFF'S USE OF METABOLIFE 356 AND THE ADVERSE EVENTS SHE ALLEGEDLY EXPERIENCED**

Plaintiff Carly A. Cinquemano was added to this action in the First Amendment to Class Action Complaint for Damages, filed April 8, 2002. In her Proof of Claim form, dated May 21, 2002, Plaintiff states that she purchased Metabolife 356 in 1999, and that she consumed two caplets a day for one month. She states that she suffered chest pains and tightness in her chest area on June 9, 1999, as a result of her consumption of Metabolife 356. (See Proof of Claim Form attached hereto as Exhibit "A.")

In her answers to Metabolife's Interrogatories, dated December 3, 2002, Plaintiff claims that she purchased one bottle of Metabolife and that she consumed two caplets per day. She claims to have suffered heart damage, chest pains, anxiety, depression, dizziness, diarrhea and headaches as

-2-

a result of consuming Metabolife 356. (See Answers to Interrogatories attached hereto as Exhibit "B.")

In her Supplemental Response to Metabolife's Interrogatories, dated July 18, 2003, Plaintiff claims to have purchased one bottle of Metabolife in May, 1999, and to have suffered chest pains which lasted for one hour, anxiety and stress as a result of consuming Metabolife 356. (See Supplemental Response to Interrogatories attached hereto as Exhibit "C"). In her Proof of Claim form and her answers to Metabolife's Interrogatories, Plaintiff states that she was treated by Dr. Frank Alvarez of the Baron Rouge Clinic, Dr. Sherman Ivan of East Jefferson Hospital and Dr. Elizabeth McLain of East Jefferson Hospital for the adverse events she claims resulted from consumption of Metabolife 356. Plaintiff has not presented any evidence that her alleged symptoms were caused by Metabolife 356.

### III.   SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact. *Id.*

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of fact." *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552-53, citing Fed.R.Civ.P. 56(c). However, the movant need not support the motion with

-3-

materials that negate the opponent's claim.  As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to an absence of evidence to support the non-moving party's claim; the non-moving party must then designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553.

When the moving party has carried its burden under Rule 56(c), the opponent cannot simply "rest on the allegations in [the] complaint, "*International Shortstop, Inc. v. Rally's Inc.,* 939 F.2d 1257, 1263 (5th Cir.1991), and must present more than a metaphysical doubt about the material facts. *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

If the nonmovant fails to set forth specific facts in support of allegations essential to that party's claim and on which that party will bear the burden of proof, then summary judgment is appropriate. *Celotex,* 106 S.Ct. at 2552- 53.  Moreover, even if the nonmovant brings forth evidence in support of its allegations, summary judgment will be appropriate unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

As explained further below, the critical failure in this case relates to Plaintiff's inability to satisfy her burden of proof on the issue of specific causation.  Plaintiff is unable to establish through medical testimony that the alleged adverse events were more probably than not caused by her use of Metabolife 356.  Without admissible evidence establishing that fact, summary judgment is proper.

## IV.  PLAINTIFF HAS PRODUCED NO EVIDENCE TO PROVE SPECIFIC CAUSATION

Because this is a diversity action, the substantive law of Louisiana applies. *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 814, 82 L.Ed. 1188 (1938).  Under Louisiana jurisprudence the plaintiff in a personal injury suit, including suits under the Louisiana Products Liability Act, bears the burden of proving by a preponderance of the evidence a causal relationship between his or her

-4-

injury and the accident and/or use of a product. *Maranto v. Goodyear Tire & Ruber Co.,* 650 So.2d 757 (La. 1995). To carry his or her burden of proof regarding the causal relationship between an injury and an event, such as the use of a product, the plaintiff must prove "through medical testimony that it is **more probable than not** that the subsequent injuries were caused" by the event. *McNeely v. Ford Motor Company, Inc.,* 763 So.2d 659, 667 (La.App. 1 Cir. 1999)(emphasis supplied), *citing Maranto, supra; Mart v. Hill,* 505 So2d. 1120, 1128 (La. 1987); *Robertson v. Gainey Transportation Services, Inc.,* No. Civ.A. 95-2654, 1998 WL 274251 at *5 (E.D. La. May 22, 1998).[1]

Causation has two components – general and specific. General causation deals with whether the substance at issue *can cause* the particular condition in the general population. Specific causation, on the other hand, determines whether the substance was in fact *the cause* of the adverse event suffered by the particular plaintiff in the case. *Pick v. American Medical Systems, Inc.,* 958 F.Supp. 1151, 1164 (E.D. La. 1997) (applying Louisiana law).

A plaintiff must be able to establish both general and specific causation. *In Re Breast Implant,* 11 F.Supp.2d at 1224 ("... Plaintiffs must show both general and specific causation – that is, that breast implants are capable of causing the conditions complained of, and that breast implants were the cause in fact of the specific conditions.")(internal quotations and citations omitted). An inability to establish either one of these required elements is fatal to the claim. *Pick,* 958 F.Supp. at 1163 (granting summary judgment on specific causation and declining to rule on general causation).

The motion now before the Court, like the motions already ruled on regarding Brooks, Price and Brewer, is addressed to specific causation only – that is, whether this particular Plaintiff can carry her burden of proving that the ingestion of Metabolife 356 was the cause of her particular injury. In order to prove her case, Plaintiff must prove, to a reasonable medical probability, that

---

[1]     Of course, a defendant is liable only for damages which are caused by his or her negligent act. A defendant is not liable for damages caused by separate, independent or intervening causes. *McNeely,* 763 So.2d 667, *citing, Haydel v. Hercules Transport, Inc.,* 654 So.2d 418, 432 (La.App. 1st Cir. 1995), *writ denied,* 656 So.2d 1019 (La. 1995).

Metabolife 356 caused her particular injury. As the Court has already ruled, that proof must be based upon competent and admissible medical expert testimony. (Rec. Doc. 393) The mere *possibility* that Metabolife 356 caused the injury is not sufficient.[2]

Plaintiff has produced no medical testimony that would establish that the alleged adverse events she suffered were more probably than not caused by her use of Metabolife 356. Accordingly, Plaintiff cannot carry her burden of proof regarding specific causation, an essential element of her claim, and summary judgment is due to be entered in favor of Metabolife and against Plaintiff, Carly A. Cinquemano, dismissing her claims with prejudice.

## VI.   CONCLUSIONS

Summary Judgment should be granted because Plaintiff has come forward with no medical testimony to establish specific causation, an essential element of her claim. Plaintiff has come forward with no evidence to support a finding that her alleged heart damage, chest pains, anxiety, depression, dizziness, diarrhea and headaches were caused by Metabolife 356. The lack of any medical evidence to prove specific causation clearly shows that Plaintiff will not be able to carry her burden of proof at trial on this essential element of her claim. Summary judgment is appropriate in this matter, and Plaintiff's claims against Metabolife International, Inc and Mike Ellis should be dismissed with prejudice.

Respectfully submitted:

ERNEST P. GIEGER, JR. (6154), T.A.
ANDREW A. BRAUN (3415)
JOHN E.W. BAAY II (22928)
JOSEPH E. LEE III (26968)

---

[2]     *See Todd v. State, Dept. of Social Services*, 96-3090 (La. 10/31/97), 699 So.2d 35, 43 ("Proof which establishes only possibility, speculation or unsupported probability does not suffice to establish a claim. .... A plaintiff's case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture.").

GIEGER, LABORDE & LAPEROUSE,
L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
ATTORNEYS FOR METABOLIFE
 INTERNATIONAL, INC. and
 MIKE ELLIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHIRLEY KEMP, et al. | * | CIVIL ACTION |
| versus | * | NUMBER: 00-3513 |
| | | c/w NUMBER: 00-3753 |
| METABOLIFE INTERNATIONAL, INC., et al. | * | |
| | | JUDGE HELEN BERRIGAN |
| *    *    *    *    *    *    *    * | | MAG. JUDGE CHASEZ |

**STATEMENT OF UNCONTESTED MATERIAL FACTS
IN SUPPORT OF METABOLIFE'S MOTION FOR SUMMARY JUDGMENT
REGARDING CARLY A. CINQUEMANO**

Pursuant to Local Rule 56.1, Metabolife respectfully submits this statement of the

material facts as to which Metabolife contends there is no genuine issue to be tried.

1.    (a)    In her Proof of Claim form, dated May 21, 2002, Plaintiff states that she
purchased Metabolife 356 in 1999, and that she consumed two caplets a day for
one month. She states that she suffered chest pains and tightness in her chest area
on June 9, 1999, as a result of her consumption of Metabolife 356.

(b)    In her answers to Metabolife's Interrogatories, dated December 3, 2002, Plaintiff
claims that she purchased one bottle of Metabolife and that she consumed two
caplets per day. She claims to have suffered heart damage, chest pains, anxiety,
depression, dizziness, diarrhea and headaches as a result of consuming Metabolife
356.

(c)    In her Supplemental Response to Metabolife's Interrogatories, dated July 18,
2003, Plaintiff claims to have purchased one bottle of Metabolife in May, 1999,
and to have suffered chest pains which lasted for one hour, anxiety and stress as a
result of consuming Metabolife 356.

(d)    In her Proof of Claim form and her answers to Metabolife's Interrogatories,
Plaintiff states that she was treated by Dr. Frank Alvarez of the Baron Rouge
Clinic, Dr. Sherman Ivan of East Jefferson Hospital and Dr. Elizabeth McLain of

-1-

East Jefferson Hospital for the adverse events she claims resulted from consumption of Metabolife 356.

2.  Defendant Metabolife International, Inc., is a San Diego-based company that markets nutritional herbal and dietary supplements.

3.  Metabolife 356 is a combination of the herb *ma huang*, caffeine and small amounts of other herbs, vitamins and minerals.  Key ingredients in Metabolife 356 are Ephedra and caffeine.

4.  Ephedra alkaloids are the active constituents of *ma huang*.  The primary ephedra alkaloid in *ma huang* is Ephedrine.

5.  Each caplet of Metabolife 356 contains 12 milligrams of ephedrine alkaloids and 40 milligrams of caffeine.  There are 80 to 100 milligrams of caffeine in a cup of coffee.

6.  The maximum daily serving of Metabolife 356 is 8 caplets, for a total of 96 milligrams of ephedrine group alkaloids per day.

7.  Although naturally occurring in *ma huang*, Ephedrine can also be made synthetically. Synthetic ephedrine is sold as an over-the-counter pharmaceutical product.  As an over-the-counter (OTC) pharmaceutical, Ephedrine has been used for several decades to treat bronchitis and asthma.

8.  A lesser constituent of *ma huang* is Pseudoephedrine.   When made synthetically, Pseudoephedrine also is an OTC pharmaceutical used as a nasal decongestant (Sudafed®).

9.  Metabolife 356 contains less caffeine and Ephedrine than a half-cup of freshly brewed coffee and a dose of Primatine Mist®.  Since 1996, over 5,000,000,000 tablets of Metabolife 356 have been purchased.

10. Carly A. Cinquemano  has come forward with no medical testimony to establish that Metabolife 356 more probably than not caused the adverse events she allegedly suffered as a result of her use of the product.

Respectfully submitted:

_____

ERNEST P. GIEGER, JR. (6154), T.A.
ANDREW A. BRAUN (3415)
JOHN E.W. BAAY II (22928)
JOSEPH E. LEE III (26968)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
ATTORNEYS FOR METABOLIFE
   INTERNATIONAL, INC. and MIKE ELLIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHIRLEY KEMP, ET AL.                    CIVIL ACTION

VERSUS                                  NUMBER:    00-3513
                                        c/w        00-3753

METABOLIFE INTERNATIONAL, INC., ET AL.  SECTION: "C"(5)

1. Name: Carly A. Cinquemano

2. Address: 14416 East Beaver Dr, Pride La 70770

3. Social Security Number: 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

4. Date of Birth: 05-27-75

5. When did you purchase Metabolife 356? '99

6. How long, how frequently, and in what dosage did you take
   Metabolife 356? @ 1 month 2 pills a day

7. Were you injured as a result of taking Metabolife 356?
   Yes ✓   No _____

8. If so, what injury did you suffer? Chest pains/tightness in chest

9. Approximately when did your injury begin? Chest area

10. How long did your injury last and how frequently did it occur?
    1st occurance lasted hours in the emergency room &
    has continued to bother me to this present day.

11. Did you see a doctor for your injury? Yes ✓   No _____

12. If so, give the name and address of the doctor(s) who treated
    you: Dr. Frank Alvarez, Baton Rouge Clinic BR, La
    Dr. Sherman Ivan M MD, East Jefferson Hospital
    P.O. Box 8804 Metairie, La

13. On what date(s) did you see the doctor? ER visit 6/9/99 &
    Multiple follow up appointment following W/ PcP Dr.

14. Have you incurred any medical expenses as a result of taking Alvarez.
    Metabolife 356? Yes ✓   No _____

EXHIBIT
"A"

15. If so, briefly identify what those medical expenses were: *(3)*
   _EP Charges = $ 1177.75 plus Follow up EKG's_
   _& 1 echo Cardiogram plus PCP office visits._

16. Were you taking any over-the-counter medication during the time that you were taking Metabolife 356? Yes _____ No _✓_

17. If so, identify what those over-the-counter medications were and for how long, how frequently, and in what dosage you took them? _____

   _____

   Pursuant to 28 U.S.C. §1746, I declare, under penalty of perjury, that the foregoing is true and correct.


   _Carly A Cinquemano_
   Plaintiff's Signature

   _Carly A. Cinquemano_
   Print Your Name

   _5-21-02_
   Date

2

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1

Identify each person who assisted in responding to these Interrogatories.

**ANSWER**   **SELF**

### INTERROGATORY NO. 2

For each purchase of Metabolife 356 by you, state the date, place of purchase, seller, purchase price, and quantities of Metabolife 356 purchased.

**ANSWER**       **1 BOTTLE $40 - $50 APPROX AT BOOTH IN MALL,**

**BATON ROUGE, LA**

### INTERROGATORY NO. 3

What promoted you to buy and consume Metabolife 356? Include in your answer (i) the reason you bought Metabolife 356 (e.g., desire to lose weight, desire for additional energy), (ii) how you heard about Metabolife 356 (e.g., from friends, from media advertisements), and (iii) names, addresses and phone numbers of all persons with whom you communicated about Metabolife 356 before you consumed it.

**ANSWER**       **TO LOSE WEIGHT – I HEARD ABOUT METABOLIFE BY**

**THE ADVERTISEMENT OF THE BOOTH IN THE MALL B/C I**

**WORKED IN THE MALL!  NO ONE ELSE INVOLVED IN MY**

**PRIVATE DIETING**

### INTERROGATORY NO. 4

What injury or damage do you claim to have suffered as a result of your use of Metabolife 356?  Include in your answer (i) each side-effect you claim to have experienced, (ii) names, addresses and phone numbers of each person who has factual



knowledge of each alleged side-effect, (iii) your relationship with person identified in part (ii) (e.g., spouse, friend, doctor-patient), and (iv) names, addresses and phone numbers of all doctors, hospitals or other facilities where you have received treatment for each alleged side-effect.

**ANSWER**          SIDE EFFECTS: I HAVE HEART DAMAGE; CHEST

PAINS; ANXIETY; DEPRESSION; DIZZINESS; DIAHRERA,

HEADACHES – FAMILY MEMBERS CAN VERIFY – CAROLYN

& LOUIS CINQUEMANO  281-599-1157, HOUSTON, TX.  DR.

ALAVAREZ, BATON ROUGE CLINIC, 7373 PERKINS RD.,

BATON ROUGE, LA  70808; DR. ELIZABETH MCLAIN, EAST

JEFFERSON HOSPITAL, METAIRIE, LA  70011 (504) 454-4017

NO. 30048855947

**INTERROGATORY NO. 5**

What damages do you claim you are entitled to recover in this case as a result of your use of Metabolife 356?  In your answer, please (i) specify the types of damages you seek (e.g., consumption of Metabolife 356 alone or in combination with other substances containing caffeine and/or ephedra and resultant physical injury; physical pain and suffering; mental anguish and fear of serious illness; lost wages; medical, hospital and pharmaceutical expenses, past and future; medical monitoring expenses, present and future in the amount reasonable in the premises; disability; loss of enjoyment of life; and return of the purchase price),  (ii) specify the amount of damages you seek for each type of damages claimed, (iii) state how you calculated the amount of damages you claim, and (iv) identify or produced all documents that support your damages claim in this case.

**ANSWER**   **I CLAIM EVERY LOSS AS LISTED ABOVE IN STATEMENT AND CAN PROVE IT WITH DOCUMENTATION. ED: PAST, FUTURE, MEDICAL , HOSPITAL, PRESCRIPTION, FEAR & MENTAL ANGUISH & TIME SPENT**

## INTERROGATORY NO. 6

Provide the following personal biographical information:

Full legal name  **CARLY A. CINQUEMANO**

Social security number  **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**

Date of birth  **5/27/1975**

Residence address for the past five years and approximates date at each

  **14416 EAST BEAVER DR., PRIDE, LA  70770**

  **23519 SOUTHPOINT DR, DENHAM SPRINGS, LA 70726**

Father's name and age, if living  **LOUIS RAY CINQUEMANO**

If father is deceased, age at time of death

General cause of father's death, if applicable and known

Mother's name and age, if living  **CAROLYN MARIE CINQUEMANO**

If mother is deceased, age at time of death

General cause of mother's death, if applicable and known

## INTERROGATORY NO. 7

List any medications, whether prescription or over-the-counter, you have been prescribed or consumed from January 1, 1990 to the present and the approximate dates of such consumption.

**ANSWER**          **PROZAC – CURRENT**

                   **ZANEC – CURRENT**

                   **LORAZEPAN – 12/25/00**

**INTERROGATORY NO. 8**

List any herbal or dietary supplements of any kind that you have consumed from January 1, 1990 to the present, the approximate dates of such consumption, and state the purpose for which you took the supplement.

**ANSWER**          **ONLY METABOLIFE**

**INTERROGATORY NO. 9**

List any product, medication, and/or other supplement you have taken for the purpose of weight control and/or weight reduction from January 1, 1990 to the present, and state the dates of such consumption.

**ANSWER**          **NONE OTHER THAN METABOLIFE**

**INTERROGATORY NO. 10**

List any product, medication, and/or other supplement you have taken for the purpose of raising energy levels from January 1, 1990 to the present, and state the dates of such consumption.

**ANSWER**          **NONE OTHER THAN METABOLIFE**

**INTERROGATORY NO. 11**

List any dates you have visited or stayed in a hospital for personal medical treatment from January 1, 1990 to the present, and describe the reason for the hospital visit or stay.

**ANSWER**          **ADMITTED 6/9/99 ER, ICU – SHARP PAINS LEFT ARM, CHEST PAINS, HEADACHE, DIZZINESS, SWEATS, CHILLS, HIGH BLOOD PRESSURE – EKG SALINELOCK, ER LEVEL 4, IV, PULSE OXIMETRY SCREEN, TELEMETRY, TROPOIN 1, CK-MB STAT, COMPLETE METABOLIC LAB PANEL, EBCT DIFFERENTIAL PRO THROMBIN, PARTIAL THRO HBOPLASTIN TIME, ETC**

**INTERROGATORY NO. 12**

Identify any physicians, health care professionals or counselors with who you have communicated with concerning your physical or mental health since January 1, 1990, and list the date of the communication and the reason for the communication.

**ANSWER**          **DR FRED AL VARES (PCP) HAS ALL BATON ROUGE CLINIC FILES  – DR. LAIN & SHERMAN HAVE ER FILES (FROM 1999-2002 & CURRENT)  (TOO MANY TO REMEMBER & LIST, PLEASE REQUEST FILES) REASON: CHEST PAINS**

**INTERROGATORY NO. 13**

Did you consult a physician about taking Metabolife 356 before you took the product?  If so, identify the physician and the date of the consultation.

**ANSWER**          **UNCERTAIN.   IF CONSULTED IT WOULD BE W/DR FRANK ALVARES (PCP) – THIS WOULD HAVE BEEN BACK IN 1999. CHECK RECORDS**

## INTERROGATORY NO. 14

If you are claiming mental anguish or other psychological damages identify any mental health professionals or counselors with whom you have consulted, the dates of any such treatment or consultation, the reason for the consultation, and the substance of the advice you received.

**ANSWER**          **DR. FRANK ALVAREX, MANY VISITS DOCUMENTED FOR 1999 – CURRENT ABOUT FEARS & PAINS & EVERYDAY STRUGGLES FROM METABOLIFE & SIDE EFFECTS THAT GO AS FAR AS MAKING ME LATE FOR WORK FOR THE SIMPLE FACT THAT I OBSESS OVER THE LONG TERM EFFECTS & DEATH AND LOSS OF FAMILY LIFE.**

## INTERROGATORY NO. 15

Identify each person you or your counsel is aware of who is a member of the proposed class as defined in the Second Amended Petition, but not listed by name in the Second Amended Petition.

**ANSWER**          **NONE**

## INTERROGATORY NO. 16

Have you ever had, or do you have a family history of any of the following:

heart disease;          **NO**

thyroid disease;          **NO**

Diabetes;          **NO**

high blood pressure;          **NO**

recurrent headaches;          **I HAVE (YES)**

depression;   **I HAVE (YES)**

any psychiatric condition;   **NO**

glaucoma;   **NO**

difficulty urinating;   **NO**

enlarged prostate; or   **NO**

seizure disorder.   **NO**

For each "yes" answer, provide a general description of the condition, the date(s) when you or your family member suffered the condition, the treatment received (including surgeries, examinations, tests, and medications), identify any physicians or health care professionals who have knowledge of your condition (or that of your family member).

**ANSWER**        **HEADACHES 1999, EXTREMELY BADF WHILE ON METABOLIFE & WHILE AFTER/NOW OCCASSIONALL NOT AS BAD; DEPRESSION 1999 ONGOING**

**INTERROGATORY NO. 17**

Identify all persons and entities to whom you or someone acting on your behalf would have disclosed personal or family medical history information since January 1, 1990.   Examples would include, but not be limited to: medical or mental health providers/counselors, insurance companies or agents, existing or potential employers, and athletic leagues or associations.

**ANSWERS**        **DR. FRANK ALVAREZ HAS ALL DR. APPOINTMENTS & HOSPITAL RECORDS**

**INTERROGATORY NO. 18**

How much Metabolife 356 did you take per day?  Please identify by the number of capsules you took in a given serving and the number of servings per day.

**ANSWER**           **ONLY 2 A DAY**

**INTERROGATORY NO. 19**

Please describe in detail any adverse side effects you experienced while taking Metabolife 356 before you believed yourself to have been injured by the product.

**ANSWER**           **NOTICED JITTERS, NOT BEING ABLE TO SLEEP, NERVOUSNESS, RAPID HEART BEAT AND SOME CONFUSION**

**INTERROGATORY NO. 20**

Please list your employers or your job history for the past ten years.

**ANSWER**           **DILLARDS, CONTANA MALL**

**BATON ROUE CLINIC, SURGERY**

**AMMON PERSONNEL**

**BELL SOUTH - CURRENT**

**INTERROGATORY NO. 21**

Please list your health insurance carriers for the past ten years.

**ANSWER**           **GULF SOUTH**

**BLUE CROSS/BENEFIT MANAGEMENT**

SHIRLEY KEMP and
ALL OTHER SIMILARLY SITUATED PERSONS

VERSUS

METABOLIFE INTERNATIONAL, INC.,
AND MIKE ELLIS

CIVIL ACTION 00-3513

EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

JUDGE GINGER BERRIGAN

MAG. ALMA CHASEZ, SEC. C

## PLAINTIFF *Carly Cinquemano*'S SUPPLEMENTAL
## RESPONSE TO INTERROGATORIES

### INTERROGATORY NO. 2

For each purchase of Metabolife *356* by you, state the date, place of purchase,

seller, purchase price, and quantities of Metabolife 356 purchased.

### SUPPLEMENTAL ANSWER

May 1999 @ a kiosk in Cortana Mall. I bought 1 bottle and it cost about $49.99

[Proof of Claim Form Number 5.: When did you purchase Metabolife 356?]

Answer to number 5: May 1999

### INTERROGATORY NO. 4

What injury or damage do you claim to have suffered as a result of your use of

Metabolife 356? Include in your answer (i) each side-effect you claim to have experienced,

(ii) names, addresses and phone numbers of each person who has factual knowledge of

each alleged side-effect. (iii) your relationship with person identified in part (ii) (e.g.,

spouse, friend, doctor-patient), and (iv) names, addresses and phone numbers of all

doctors, hospitals or other facilities where you have received treatment for each alleged

side-effect.

**OBJECTION:** Said Interrogatory is compound and calls for speculation on behalf

of this Plaintiff regarding the source of symptoms; further, said Interrogatory is

vague and overly broad; however, without waiving said objections, Plaintiff herein responds as follows:

## SUPPLEMENTAL ANSWER

Chest pains

[Proof of Claim Form Number 8.: If so, what injury did you suffer (as a result of taking)?]

Answer to number 8: chest pains

[Proof of Claim Form Number 9.: Approximately when did your injury begin?]

Answer to number 9: About 3 weeks after I started taking pills

[Proof of Claim Form Number 10.:How long did your injury last and how frequently did it occur?]

Answer to number 10: The first episode lasted about 1 hour in the ER and I still have anxiety and stress from the experience which caused additional chest pains

## INTERROGATORY NO.19

Please describe in detail any adverse side effects you experienced while taking Metabolife 356 before you believed yourself to have been injured by the product.

**OBJECTION:** Said Interrogatory is vague and overly broad and possibly seeks information protected by the attorney-client privilege and the Plaintiffs' attorneys' work-product. Further, said Interrogatory calls for medical speculation on behalf of this client. Without waiving said objections, Plaintiff herein responds as follows:

## ANSWER

Chest pains

Respectfully Submitted:
by Donna Grodner

Denise A. Vinet (17185)
VINET & VINET
11817 Bricksome Ave., Ste A
Baton Rouge, Louisiana 70816
(225) 292-7410 FAX (225) 292-4149

Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX 769-1997

Mr. Lewis O Unglesby
Unglesby Law Firm
246 Napoleon Street
Baton Rouge, LA 70802
387-0120 Fax 336-4355

ROBERT J. SNYDER (26722)
Attorney at Law
P.O. Box 340
2122 B. West Main St
Lutcher, La. 70071
(225) 869-6600 fax 869-7148

PEYTON P. MURPHY
Attorney at Law
7035 Jefferson Hwy
Baton Rouge, La 70806
(225) 928-8800 fax 928-8802

CERTIFICATE

I hereby certify that I have caused the below listed counsel of record to be served by U.S. Mail this _____ day of _____, 2002.

_____
DONNA GRODNER

Counsel for Metabolife and International, Inc. and Mike Ellis

David A. Jones
Theodore C. Shcultz
Akin, Gump, Strauss, Hauer & Feld, LLP
300 Convent St., Ste 1500
San Antonio, Texas
(210) 281-7000

Ernest P. Gieger, Jr.
Pulaski Gieger
48th Fl, 701 Poydras St
New Orleans La. 70139-4600
504.561-0400 fax 561-1011

Robert M. Johnston
601 Poydras Street, Ste 2490
New Orleans, La 70130
504.561.7799

Royal Insurance
        George Hebbler, Jr.
        Thomas G. Milazzo
        Miranda, Warwick & Milazzo, APLC
        2121 Airline Drive, Ste 601
        Metairie, La 7001
        504.833.8007 504.833.2866

Evanston Insurance Company
Investors Insurance Company
        J. Nicole Heyman
        Deutsch, Kerrigan & Stiles, L.L.P.
        755 Magazine St.
        New Orleans, LA 70130-3672
        (504) 581-5141 Fax(504) 566-1202

National Union Fire Insurance
        Margaret M. Joffe
        Deutsch, Kerrigan & Stiles, L.L.P.
        755 Magazine St.
        New Orleans, LA 70130-3672
        (504) 581-5141 Fax(504) 566-1202

RLI Insurance Company
        Phillip E. Foco
        Taylor, Porter, Brooks & Phillips, L.L.P.
        P.O. Box 2471
        Baton Rouge, LA 70821
        (225) 387-3221 Fax(225) 346-8049

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHIRLEY KEMP, et al. | * | CIVIL ACTION |
| versus | * | NUMBER: 00-3513 |
| | | c/w NUMBER: 00-3753 |
| METABOLIFE INTERNATIONAL, INC., et al. | * | |
| | | JUDGE HELEN BERRIGAN |
| *   *   *   *   *   *   * | * | MAG. JUDGE CHASEZ |

## NOTICE OF HEARING

NOW INTO COURT, through undersigned counsel, come Defendants, Metabolife International, Inc. and Michael Ellis, who hereby give notice that a hearing on Metabolife's Motion for Summary Judgment Regarding Carly A. Cinquemano shall take place on the 21st day of July at 9:30 a.m. before the Honorable Helen Berrigan at the Hale Boggs Courthouse for the United States District Court for the Eastern District of Louisiana located in New Orleans, Louisiana.

Respectfully submitted:

ERNEST P. GIEGER, JR. (6154), T.A.
ANDREW A. BRAUN (3415)
JOHN E.W. BAAY II (22928)
JOSEPH E. LEE III (26968)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
ATTORNEYS FOR METABOLIFE
  INTERNATIONAL, INC. and
  MIKE ELLIS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *Motion for Summary Judgment, Memorandum in Support of Motion for Summary Judgment on Behalf of Defendants Metabolife International, Inc. and Mike Ellis, Statement of Uncontested Facts* and *Notice of Hearing* have been served upon:

Denise A. Vinet, Esq.
Vinet & Vinet
11817 Bricksome Avenue, Suite A
Baton Rouge, Louisiana  70816
-- and --
Lewis O. Unglesby, Esq.
Unglesby Law Firm
246 Napoleon Street
Baton Rouge, Louisiana  70802
-- and --
Peyton Patrick Murphy, Esq.
Murphy Law Firm
7035 Jefferson Highway
Baton Rouge, Louisiana  70806
-- and --
Donna U. Grodner, Esq.
Grodner & Associates
2223 Quail Run, Suite B1
Baton Rouge, Louisiana  70808
-- and --
Robert J. Snyder, Esq.
Post Office Box 340
Lutcher, Louisiana  70071-0340
-- and --
Thomas Carey Wicker, III, Esq.
Capitelli & Wicker
1100 Poydras Street, Suite 2950
New Orleans, Louisiana  70163
-- and --
James Patrick Frantz, Esq.
Frantz Townsend Foldenauer
1168 Union Street, Fourth Floor
San Diego, California  92101-3819
Attorneys for PLAINTIFFS

Charles W. Schmidt, III, Esq.
Christovich & Kearney
Pan American Life Center
601 Poydras Street, Suite 2300
New Orleans, Louisiana  70130-6078
Attorneys for GOLDEN EAGLE
INSURANCE COMPANY

by electronic mail this 6TH day of July, 2004.

George P. Hebbler, Jr., Esq.
Thomas G. Milazzo, Esq.
Miranda, Warwick & Milazzo
2121 Airline Drive, Suite 601
Metairie, Louisiana  70001
Attorneys for ROYAL INSURANCE
COMPANY OF AMERICA

George B. Hall, Jr., Esq.
G. Benjamin Ward, Esq.
Phelps Dunbar
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534
Attorneys for GREAT AMERICAN E&S
INSURANCE COMPANY

Robert E. Kerrigan, Jr., Esq.
J. Nicole Heyman, Esq.
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, Louisiana  70130
Attorneys for INVESTORS INSURANCE
COMPANY and EVANSTON
INSURANCE COMPANY

W. Arthur Abercrombie, Jr., Esq.
Phillip E. Foco, Esq.
Taylor, Porter, Brooks & Phillips
Post Office Box 2471
Baton Rouge, Louisiana  70821-2471
Attorneys for RLI INSURANCE
COMPANY

Margaret M. Joffe, Esq.
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, Louisiana  70130
Attorney for NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH PA

John E. W. Baay II